December 15, 2011

The Honorable Jo Anne Bernal
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0898

Re: Whether a member of the El Paso County Ethics Commission who is a practicing attorney or former judge may be appointed to serve as the review officer of a preliminary screening committee (RQ-0978-GA)

Dear Ms. Bernal:

On behalf of the El Paso County Ethics Commission (the "Commission"), you ask whether a member of the Commission may "serve as the review officer to a Preliminary Screening Committee if he or she is a practicing attorney or a former judge."[1]

Chapter 161 of the Local Government Code authorizes El Paso County to create a county ethics commission.[2] You explain in your request letter that pursuant to chapter 161, the El Paso County Commissioners Court created the Commission. Request Letter at 1; TEX. LOC. GOV'T CODE ANN. § 161.051 (West Supp. 2011) (authorizing the commissioners court to create a county ethics commission). Once the ethics commission has been created, section 161.155 of the Local Government Code allows an individual to file a complaint with the commission "alleging that a person subject to the ethics code has violated the ethics code." TEX. LOC. GOV'T CODE ANN. § 161.155(a) (West Supp. 2011). To process the complaint, chapter 161 first requires that a standing preliminary review committee review the complaint to ensure that it complies with the form and jurisdictional requirements established under chapter 161. *Id.* § 161.158(b)–(c). Your question relates to the composition of this standing preliminary review committee.

Section 161.1551 of the Local Government Code states, in relevant part:

(b) The standing preliminary review committee consists of:

---

[1]Letter from Honorable Jo Anne Bernal, El Paso County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (June 16, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]*See* Act of May 27, 2011, 82d Leg., R.S., ch. 1163, § 75, 2011 Tex. Gen. Laws 3024, 3037 (codified as an amendment to TEX. LOC. GOV'T CODE ANN. § 161.001). Chapter 161 is applicable only to a county with a population of 800,000 or more that is located on the international border and had a county ethics board appointed by the commissioners court prior to September 1, 2009. *Id.*

> (1)  two members of the commission, determined as provided by Subsection (c); and
>
> (2)  a review officer selected and retained by the commission.
>
> (c)    The initial standing preliminary review committee consists of one commission member, chosen by lot, from the members of the commission appointed under Section 161.055(a)(1), and one commission member, chosen by lot, from the members appointed under Section 161.055(a)(2).
>
> (d)    A commission member serves on the standing preliminary review committee for six months.  After the end of a commission member term on the standing preliminary review committee, service on the committee rotates so that each position on the commission serves on the committee, beginning with the initial members of the standing preliminary review committee chosen under Subsection (c) and succeeded by the next member on the list as described below:
>
> > (1)  for the rotation of members appointed under Section 161.055(a)(1), the order of service is the member appointed by the county judge, followed by the members appointed by the county commissioners in order of precinct number; and
> >
> > (2)  for the rotation of members appointed under Section 161.055(a)(2), the order of service is the order listed by that section.
>
> (e)    The review officer must be a practicing attorney or former judge.

*Id.* § 161.1551(b)–(e).[3]  You explain that the Commission "seeks to appoint a third Commission member who is an attorney or former judge" to serve on the preliminary review committee in the position established by section 161.1551(b)(2). Request Letter at 2.  You ask whether it is permitted to do so under the statute. *Id.*

When construing a statute, we generally give effect to the Legislature's intent as expressed in the plain language of the statute. *R.R. Comm'n of Tex. v. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011).  We determine legislative intent from the entire act and not just isolated portions. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008).  While section

---

[3]Act of May 13, 2011, 82d Leg., R.S., ch. 160, § 5, 2011 Tex. Gen. Laws 693, 694 (codified as an amendment to TEX. LOC. GOV'T CODE ANN. § 161.1551(d)).  This citation pertains to all section 161.1551 citations *infra*.

161.1551(b) requires that two of the three members of the standing committee be Commission members, it does not expressly prohibit the third member from also being a member of the Commission. TEX. LOC. GOV'T CODE ANN. § 161.1551(b) (West. Supp. 2011). However, by expressly requiring two Commission members to serve on the committee, the statute could be read as impliedly prohibiting an additional Commission member from serving as the third member. *See Mid-Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 273 (Tex. 1999) (explaining the maxim that the inclusion of one provides evidence of intent to exclude others).

Furthermore, section 161.1551 establishes clear instructions to determine which two specific Commission members will serve on the standing preliminary review committee at any given time. TEX. LOC. GOV'T CODE ANN. § 161.1551(c)–(d) (West Supp. 2011). If a Commission member were allowed to serve as the third member in the position of the review officer, that Commission member would be unable to follow the rotation outlined in the statute. *Id.* § 161.1551(d) (explaining that the committee rotates in a specific order). The statute does not contemplate this scenario, suggesting that the Legislature did not intend for the third member of the preliminary review committee to be a Commission member.[4] For these reasons, we conclude that a Commission member may not serve as the review officer to a preliminary review committee under section 161.1551.

---

[4]We also note that the Commission's employment of one of its own members in the role of review officer would raise incompatibility concerns. The common-law doctrine of incompatibility has been held to bar a public employee from, at the same time, holding a public office which appoints, supervises or controls the employee. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) ("It is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint."); Tex. Att'y Gen. Op. No. GA-0826 (2010) at 2 ("The self-employment aspect of the [incompatibility] doctrine prohibits a person from holding both an office and an employment that the office supervises.").

## S U M M A R Y

The review officer to a preliminary standing review committee under Local Government Code subsection 161.1551(b)(2) may not be a member of the El Paso County Ethics Commission.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee